**Wazir CHAND, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71001.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 20, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Louis M. Fischer, Attorney, U.S. Department of Justice, Appellate Section/Criminal Division, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM [**]

Wazir Chand, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision which affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA conducts a de novo review of the IJ's decision, our review is limited to the BIA's decision. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir. 2002). We review for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The BIA found that Chand was not credible because, *inter alia,* his testimony that he entered the United States for the first time in April of 2003 was contradicted by documentary evidence that someone with the same name, date of birth, and passport number entered the country in August of 2002. Because this inconsistency is supported by substantial evidence and goes to the heart of Chand's asylum claim, we are bound to accept the BIA's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir. 2004). Because Chand failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence likewise supports the denial of Chand's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Finally, Chand contends that the IJ acted improperly when she discounted the weight of documents that were not authenticated. This contention fails, because the IJ did not rely on the unauthenticated documents as a basis for her adverse credibility determination. *See Wang v. INS,* 352 F.3d 1250, 1254 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.